IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WATERS INDUSTRIES, INC., an Illinois corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>GREAT NECK SAW MANUFACTURERS, INC., a New York corporation,<br><br>　　　　Defendant. | ) Civil Action No. _____<br>)<br>) The Honorable _____<br>)<br>) Magistrate Judge _____<br>)<br>) **COMPLAINT**<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>) |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Waters Industries, Inc. ("Waters Industries") complains against Defendant Great Neck Saw Manufacturers, Inc. ("Defendant") as follows:

### NATURE OF ACTION

1. This is an action for patent infringement of United States Patent Nos. 7,377,664, 8,235,524, 8,444,266, and 8,899,744 (collectively, the "Patents in Suit") under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

### THE PARTIES

2. Waters Industries is a corporation incorporated under the laws of the State of Illinois with its principal place of business at 213 West Main Street, West Dundee, Illinois 60118. Waters Industries' wholly-owned Panther Vision division designs and sells a variety of hands-free LED task lighting products for consumers and businesses, including lighted eyeglasses.

3. Upon information and belief, Defendant is a corporation incorporated under the laws of the State of New York with its principal place of business at 165 East 2nd Street, Mineola, New York 11501. Upon information and belief, Defendant, by itself, and/or through one or more entities owned, controlled or otherwise affiliated with Defendant, conducts business in New York and in this District.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Defendant is subject to this Court's specific and general personal jurisdiction because: (i) Defendant is incorporated and has its principal place of business, and/or otherwise resides in this District, (ii) Defendant regularly conducts and solicits business in this District and throughout the State of New York and has engaged in other persistent courses of conduct and has derived financial benefit from residents of the State of New York, including benefits directly related to the instant patent infringement causes of action set forth herein, and (iii) Defendant, either alone or in conjunction with others, has committed acts of infringement within New York and in this District.

6. Venue is proper in this District under 28 U.S.C. § 1400(b) at least because Defendant resides in this District, has a principal place of business in this District, and is incorporated in New York.

## THE PATENTS IN SUIT

7. On May 27, 2008, U.S. Patent No. 7,377,664 ("the '664 patent"), entitled "LIGHTING DEVICE", was duly and legally issued to Michael Waters. The '664 patent issued from U.S. patent application Serial Number 11/455,922 filed on June 19, 2006 and discloses and

relates to lighted eyeglasses having a light source and a blinder device to block incident light from the light source. Waters Industries currently owns all right, title and interest in and to the '664 patent. A copy of the '664 patent is appended as Exhibit A.

8. On August 7, 2012, U.S. Patent No. 8,235,524 ("the '524 patent"), entitled "ILLUMINATED EYEWEAR", was duly and legally issued to Michael Waters. The '524 patent issued from U.S patent application Serial Number 12/835,508 filed on July 13, 2010 and discloses and relates to lighted eyeglasses that generally direct light forwardly from the user and having electrical components for the lights arranged to provide enhanced aesthetics. Waters Industries currently owns all right, title and interest in and to the '524 patent. A copy of the '524 patent is appended as Exhibit B.

9. On May 21, 2013, U.S. Patent No. 8,444,266 ("the '266 patent"), entitled "ILLUMINATED EYEWEAR", was duly and legally issued to Michael Waters. The '266 patent issued from U.S. patent application Serial Number 12/895,456 filed on September 30, 2010 and discloses and relates to lighted eyeglasses having a front frame portion that includes inclined blinder surfaces to minimize glare from stray light. Waters Industries currently owns all right, title and interest in and to the '266 patent. A copy of the '266 patent is appended as Exhibit C.

10. On December 2, 2014, U.S. Patent No. 8,899,744 ("the '744 patent"), entitled "LIGHTED READING GLASSES", was duly and legally issued to Michael Waters. The '744 patent issued from U.S. patent application Serial Number 13/947,929 filed on July 22, 2013 and discloses and relates to lighted eyeglasses having electronic assemblies mounted in the interior of the temple arms. Waters Industries currently owns all right, title and interest in and to the '744 patent. A copy of the '744 patent is appended as Exhibit D.

**GREAT NECK SAW'S INFRINGING ACTIVITIES**

11. On information and belief, Defendant makes, uses, sells, offers for sale and/or imports into the United States lighted eyeglasses. Defendant markets its lighted eyeglasses as the "Black & Green LED Safety Glasses" under the brand name "OEM TOOLS." Defendant promotes, distributes and sells the Black & Green LED Safety Glasses to various third-parties for resale to consumers through retail stores and/or websites. On information and belief, Defendant also maintains and operates one or more websites on the Internet, including websites located at https://www.greatnecksaw.com and https://oem-tools.com, through which Defendant advertises, promotes, offers for sale, and sells various products, including the Black & Green LED Safety Glasses, which are shown in the appended Exhibits E-I.

12. Defendant's Black & Green LED Safety Glasses are designed to be worn on a user's head like typical eyeglasses and to project light in a forward direction when the LED lights of the eyeglasses are activated. The Black & Green LED Safety Glasses contain a pair of temple arms, two lenses, and a cross frame member extending between the forward ends of the temple arms. An enlarged portion of each temple arm contains a forward facing opening mounting an LED, a battery compartment, a plurality of disc shaped batteries in the battery compartment, and a switch for activating each LED. Additionally, Defendant's Black & Green LED Safety Glasses have a blinder device adjacent each LED for minimizing glare from the LED.

**FIRST CAUSE OF ACTION – INFRINGEMENT OF THE '664 PATENT**

13. Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs 1-12, as if fully set forth herein.

14. Defendant, by itself, and through its subsidiaries, affiliates, and/or agents has been, and is, infringing the '664 patent by making, using, offering to sell, selling, and/or

4

importing LED lighted eyeglasses incorporating the inventions patented in the '664 patent within the United States and within this District, including at least claim 11.  Defendant's infringing products include the Black & Green LED Safety Glasses shown in the attached Exhibit E-I.  In violation of the '664 patent, the Black & Green LED Safety Glasses include: a pair of lenses; a light source mounted adjacent either side of the lenses for projecting light forwardly; and a blinder device extending between each lens and one of the light sources to minimize glare from stray light from the light source reflected or refracted by the lens into a wearer's eye.

15. Defendant's infringement of the '664 patent has injured Waters Industries, and Waters Industries is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

16. On information and belief, Defendant acted egregiously and with willful misconduct in that its actions constituted direct infringement of a valid patent, and this was either known or so obvious that Defendant should have known about it.  Defendant has actual notice of the '664 patent and of the infringement alleged herein at least as of the date it was served with this Complaint.  Defendant continues to infringe the '664 patent by making, using, selling, offering for sale and importing into the United States the Black & Green LED Safety Glasses and it has acted at least in reckless disregard of Waters Industries' patent rights.  On information and belief, Defendant will continue its infringement notwithstanding actual knowledge of the '664 patent and without a good faith basis to believe that its activities do not infringe any valid claim of the '664 patent.  All infringement of the '664 patent following Defendant's knowledge of the '664 patent is willful, and Waters Industries is entitled to treble damages and attorneys' fees and costs incurred in this action under 35 U.S.C. §§ 284 and 285.  The timing, circumstances and extent of Defendant obtaining actual knowledge of the '664 patent prior to the commencement of this lawsuit will be confirmed during discovery.

17. Defendant's infringement will continue to injure Waters Industries unless the Court enters an injunction prohibiting further infringement of the '664 patent.

### SECOND CAUSE OF ACTION – INFRINGEMENT OF THE '524 PATENT

18. Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs 1-12, as if fully set forth herein.

19. Defendant, by itself, and through its subsidiaries, affiliates, and/or agents has been, and is, infringing the '524 patent by making, using, offering to sell, selling, and/or importing LED lighted eyeglasses incorporating the inventions patented in the '524 patent within the United States and within this District, including at least claims 68-72. Defendant's infringing products include the Black & Green LED Safety Glasses shown in the attached Exhibit E-I. In violation of the '524 patent, the Black & Green LED Safety Glasses include: a pair of elongate temple arms; a cross-frame extending laterally between forward ends of the temple arms; a forwardly facing opening at the forward end of each temple arm; an LED in each of the openings for projecting light forwardly; a battery compartment in each temple arm; a plurality of disc-shaped batteries received in each of the battery compartments; and with each of the temple arms having an enlarged portion in which the battery compartments are formed, and the battery compartments being slightly larger than the diameter of the disc-shaped batteries. The battery compartment is adjacent the forward end of each temple arm, and the enlarged portion is at the forward end of each temple arm. The LEDs each include a lens that extends in the temple arm forwardly facing opening to project light forwardly. The disc batteries are arranged in the temple arms so that their centers are aligned along a temple arm longitudinal axis and are offset from the LEDs.

20. Defendant's infringement of the '524 patent has injured Waters Industries, and Waters Industries is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

21. On information and belief, Defendant acted egregiously and with willful misconduct in that its actions constituted direct infringement of a valid patent, and this was either known or so obvious that Defendant should have known about it. Defendant has actual notice of the '524 patent and of the infringement alleged herein at least as of the date it was served with this Complaint. Defendant continues to infringe the '524 patent by making, using, selling, offering for sale and importing into the United States the Black & Green LED Safety Glasses and it has acted at least in reckless disregard of Waters Industries' patent rights. On information and belief, Defendant will continue its infringement notwithstanding actual knowledge of the '524 patent and without a good faith basis to believe that its activities do not infringe any valid claim of the '524 patent. All infringement of the '524 patent following Defendant's knowledge of the '524 patent is willful and Waters Industries is entitled to treble damages and attorneys' fees and costs incurred in this action under 35 U.S.C. §§ 284 and 285. The timing, circumstances and extent of Defendant obtaining actual knowledge of the '524 patent prior to the commencement of this lawsuit will be confirmed during discovery.

22. Defendant's infringement will continue to injure Waters Industries unless the Court enters an injunction prohibiting further infringement of the '524 patent.

### THIRD CAUSE OF ACTION – INFRINGEMENT OF THE '266 PATENT

23. Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs 1-12, as if fully set forth herein.

24. Defendant, by itself, and through its subsidiaries, affiliates, and/or agents has been, and is, infringing the '266 patent by making, using, offering to sell, selling and/or

importing LED lighted eyeglasses incorporating the inventions patented in the '266 patent within the United States and within this District, including at least claims 6, 7 and 10.  Defendant's infringing products include the Black & Green LED Safety Glasses shown in the attached Exhibit E-I.  In violation of the '266 patent, the Black & Green LED Safety Glasses include: a front support including a bridge portion generally extending laterally along a lateral axis; a pair of temple arms connected to the front support by pivot connections that allow the temple arms to pivot between a use configuration and a storage configuration; a front frame portion adjacent each of the pivot connections; an LED light source mounted adjacent to each of the pivot connections; and an inclined blinder surface of each of the front frame portions adjacent the light sources and laterally inward therefrom with the inclined blinder surfaces extending at a laterally inward cant obliquely to the lateral axis to minimize stray light from the light sources from causing glare when the illuminated eyewear is worn.  The LED light sources generate a cone of light, and the laterally inward cant of the blinder surfaces is such that the blinder surfaces extend along or away from the light cones to avoid interfering with the light cones.  The LED light sources are mounted to the forward ends of the temple arms and the blinder surfaces are adjacent the light sources and extend forward beyond the light sources.

25. Defendant's infringement of the '266 patent has injured Waters Industries, and Waters Industries is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

26. On information and belief, Defendant acted egregiously and with willful misconduct in that its actions constituted direct infringement of a valid patent, and this was either known or so obvious that Defendant should have known about it.  Defendant has actual notice of the '266 patent and of the infringement alleged herein at least as of the date it was served with this Complaint.  Defendant continues to infringe the '266 patent by making, using, selling,

offering for sale and importing into the United States the Black & Green LED Safety Glasses and it has acted at least in reckless disregard of Waters Industries' patent rights.  On information and belief, Defendant will continue its infringement notwithstanding actual knowledge of the '266 patent and without a good faith basis to believe that its activities do not infringe any valid claim of the '266 patent.  All infringement of the '266 patent following Defendant's knowledge of the '266 patent is willful and Waters Industries is entitled to treble damages and attorneys' fees and costs incurred in this action under 35 U.S.C. §§ 284 and 285.  The timing, circumstances and extent of Defendant obtaining actual knowledge of the '266 patent prior to the commencement of this lawsuit will be confirmed during discovery.

27. Defendant's infringement will continue to injure Waters Industries unless the Court enters an injunction prohibiting further infringement of the '266 patent.

### FOURTH CAUSE OF ACTION – INFRINGEMENT OF THE '744 PATENT

28. Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs 1-12, as if fully set forth herein.

29. Defendant, by itself, and through its subsidiaries, affiliates, and/or agents has been, and is, infringing the '744 patent by making, using, offering to sell, selling, and/or importing LED lighted eyeglasses incorporating the invention patented in claim 1 of the '744 patent within the United States and within this District.  Defendant's infringing products include the Black & Green LED Safety Glasses shown in the attached Exhibit E-I.  In violation of the '744 patent, the Black & Green LED Safety Glasses include: a cross-frame extending along a lateral axis; elongate temple arms extending rearwardly from end portions of the cross frame in a use position; inner and outer surface portions of each temple arm extending lengthwise along the temple arm; electronic compartments at forward portions of the temple arms, each having a forward opening, an interior space, and a lateral opening in the inner surface of each temple arm;

electronic assemblies in the interior spaces of each temple arm including: an LED mounted to project light through the forward opening and forwardly of the cross frame, a switch, including a base portion mounted in the interior space and an actuator portion projecting to the exterior to be accessible to a wearer for allowing the light emitting diode to be selectively energized, and a power source in the interior space to provide power to the light emitting diode; covers configured to cover the lateral openings of the electronic compartments; and fasteners configured to be inserted into the temple arm inner surface portions to engage the covers and the temple arm forward portions to secure the covers onto the temple arms and being substantially concealed from view with the temple arm portions in the use position while being worn.

30. Defendant's infringement of the '744 patent has injured Waters Industries, and Waters Industries is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

31. On information and belief, Defendant acted egregiously and with willful misconduct in that its actions constituted direct infringement of a valid patent, and this was either known or so obvious that Defendant should have known about it. Defendant has actual notice of the '744 patent and of the infringement alleged herein at least as of the date it was served with this Complaint. Defendant continues to infringe the '744 patent by making, using, selling, offering for sale and importing into the United States the Black & Green LED Safety Glasses and it has acted at least in reckless disregard of Waters Industries' patent rights. On information and belief, Defendant will continue its infringement notwithstanding actual knowledge of the '744 patent and without a good faith basis to believe that its activities do not infringe any valid claim of the '744 patent. All infringement of the '744 patent following Defendant's knowledge of the '744 patent is willful and Waters Industries is entitled to treble damages and attorneys' fees and costs incurred in this action under 35 U.S.C. §§ 284 and 285. The timing, circumstances and

extent of Defendant obtaining actual knowledge of the '744 patent prior to the commencement of this lawsuit will be confirmed during discovery.

32. Defendant's infringement will continue to injure Waters Industries unless the Court enters an injunction prohibiting further infringement of the '744 patent.

### PRAYER FOR RELIEF

WHEREFORE, Waters Industries prays for:

33. Judgment that the '664 patent, the '524 patent, the '266 patent, and the '744 patent are each valid, enforceable, and infringed by Defendant;

34. Judgment that Defendant's acts of patent infringement are willful;

35. A permanent injunction enjoining Defendant, its officers, agents, servants, employees, subsidiaries and affiliated companies, and those persons acting in active concert or participation therewith, from engaging in the aforesaid unlawful acts of patent infringement;

36. An award of damages arising out of Defendant's acts of patent infringement, together with pre-judgment and post-judgment interest;

37. Judgment that the damages so adjudged against Defendant be trebled in accordance with 35 U.S.C. § 284;

38. An award of Waters Industries' attorneys' fees, costs, and expenses incurred in this action in accordance with 35 U.S.C. § 285; and

39. Such other and further relief as the Court may deem just and proper.

<u>**JURY DEMAND**</u>

Waters Industries demands trial by jury of all issues triable of right by a jury.

Respectfully submitted,

Date: July 13, 2017  /s/*Scott M. Himes*
New York, New York

Scott M. Himes
KISHNER & MILLER
420 Lexington Avenue, Suite 300
New York, New York 10170
Telephone: (212) 585-3425
Facsimile: (888) 332-5658


Timothy P. Maloney
Eric L. Broxterman
FITCH, EVEN, TABIN & FLANNERY
120 South LaSalle Street, Suite 1600
Chicago, Illinois 60603
Telephone: (312) 577-7000
Facsimile: (312) 577-7007

Vance L. Liebman
Glenn A. Rice
FUNKHOUSER VEGOSEN LIEBMAN
 & DUNN LTD.
55 West Monroe, Suite 2300
Chicago, Illinois 60603
Telephone: (312) 701-6800
Facsimile: (312) 701-6801


*Counsel for Plaintiff Waters Industries, Inc.*